UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

PAUL and MELODY DEN BESTE,                    No. 10-13558

                           Debtor(s).
_____/

PAUL DEN BESTE,

                           Plaintiff(s),

          v.                                          A.P. No. 11-1298

ALEX HARRINGTON, et al.,

                           Defendant(s).
_____/

Memorandum on Motion for Summary Judgment
_____

     Plaintiff Paul Den Beste filed his Chapter 13 petition on September 15, 2010, and his case was converted to Chapter 7 on October 22, 2010. The automatic stay remained in effect for about a year and a half due to a pending objection to Den Beste's discharge, which was ultimately sustained. Until the court put a stop to it, Den Beste used the automatic stay as a club, filing five adversary proceedings for alleged violations of the automatic stay. This is one of those actions. Defendants, who are plaintiffs in a state court lawsuit against Den Beste, seek summary judgment.

1

On October 29, 2010, in a state court action in which he was a defendant, and without leave of this court, Den Beste filed and served a motion to strike the complaint. On December 10, 2010, the state court denied the motion and, finding it frivolous, awarded the plaintiff in that case, Edith Mazzaferri, $11,150.00 in fees and costs. On January 7, 2011, the state court awarded an additional $4,150.00. On January 14, 2011, Mazzaferri recorded abstracts of judgment. Den Beste then appealed the award, again without leave of this court. The state appellate court subsequently affirmed denial of the motion and declared Den Beste a vexatious litigant, but vacated and remanded the award of fees and costs on procedural grounds. Mazzaferri then released her judgment liens.

What is certain is that Den Beste violated the automatic stay first. Section 362(a)(1) operates as a stay, applicable to all entities, of the continuation of an action against the debtor that was commenced before the bankruptcy. A debtor who is in bankruptcy violates the automatic stay when he is the defendant in a state court action and takes affirmative action in that action, including prosecuting an appeal, without leave of the bankruptcy court. *Ingersoll-Rand Fin. Corp. v. Miller Min. Co.,* 817 F.2d 1424, 1426 (9th Cir. 1987).

Having initiated improper action, Den Beste cannot complain that Mazzaferri defended herself. *In re Way,* 229 B.R. 11, 13 (9th Cir. BAP 1998).[1] Equitable defenses, including unclean hands and judicial estoppel, may be raised by persons accused of violating the automatic stay. *Employment Development Dept. v. Bertuccio,* 2011 WL 1158022, *10 (N.D. Cal. 2011); *Sole Survivor Corp. v. Buxbaum,* 2009 WL 210471, *8 (C.D.Cal 2009); *In re Andrada Financing, LLC,* 2011 WL 3300983,*5 (9th Cir. BAP 2011). The court finds that Den Beste is barred from seeking damages in this case by the doctrine of unclean hands because he violated the automatic stay himself, and by judicial estoppel because his actions in the state court were inconsistent with the existence of a stay.

Moreover, an award of attorneys' fees imposed as a sanction for frivolous conduct in litigation

---

[1] The court reminds all parties that it has the power to annul the automatic stay, thereby making valid actions taken in technical violation of the stay. Nobody has made such a motion, but annulment may be appropriate under these circumstances. See *In re Myers,* 491 F.3d 120, 127 (3rd Cir. 2007).

2

is not subject to the automatic stay even if private parties are the beneficiaries of the award. *In re Berg,* 230 F.3d 1165, 1168 (9th Cir. 2000).

For the foregoing reasons, the court will grant summary judgment in favor of defendants and this adversary proceeding will be dismissed with prejudice. Counsel for defendants shall submit a form of order granting their motion for summary judgment and denying Den Beste's countermotion, and a form of judgment dismissing this adversary proceeding.

Dated: June 6, 2012

                                      Alan Jaroslovsky
                                      U.S. Bankruptcy Judge