UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

PAUL and MELODY DEN BESTE,  No. 10-13558

                       Debtor(s).
_____/

PAUL DEN BESTE,

                       Plaintiff(s),

       v.  A.P. No. 11-1298

ALEX HARRINGTON, et al.,

                       Defendant(s).
_____/

Memorandum on Motion for Attorneys' Fees
_____

      Plaintiff Paul Den Beste filed his Chapter 13 petition on September 15, 2010, and his case was converted to Chapter 7 on October 22, 2010. The automatic stay remained in effect for about a year and a half due to a pending objection to Den Beste's discharge, which was ultimately sustained. Until the court put a stop to it, Den Beste used the automatic stay as a club, filing five adversary proceedings for alleged violations of the automatic stay. The court has found no merit in any of those actions, including one in which Den Beste claimed that defendants in that case had violated the automatic stay

1

by failing to take steps to have a state court vexatious litigant order against him vacated. This court has itself found Den Beste to be a vexatious litigant and has assessed sanctions against him pursuant to Rule 9011(c)(1)(B) of the Federal Rules of Bankruptcy Procedure in another adversary proceeding.

In this adversary proceeding, Den Beste sought damages against defendants for actions they took against him in state court in response to his motion. After filing bankruptcy and without leave of this court Den Beste filed a motion to strike a state court complaint against him. The plaintiffs in that case (defendants here) opposed the motion. The state court denied the motion and, finding it was frivolous, awarded $15,000.00 in fees and costs. After appealing and losing, Den Beste then brought this adversary proceeding arguing efforts to collect these sanctions against him violated the automatic stay. The court granted summary judgment in favor of defendants, finding that Den Beste's complaint in this case was barred by the doctrines of unclean hands and judicial estoppel as well as being contrary to law. Defendants have now moved for an award of attorneys' fees in the amount of $21,274.00.

The court has no difficulty in finding that this adversary proceeding, like Den Beste's others, was filed in bad faith. This action was filed for the sole purpose of harassing his enemies and was based on improper actions Den Beste himself took in state court. The automatic stay is intended as a shield for debtors and should not be used as a sword. *In re McHenry,* 179 B.R. 165, 169 (9th Cir. BAP 1995). Had defendants availed themselves of the safe harbor provisions of Rule 9011, the court would certainly award the full amount sought. The only problem the court has with the motion is that it was brought pursuant to the court's inherent powers rather than Rule 9011.

Defendants correctly point out that the inherent power to award attorneys' fees to victims of bad faith conduct is a separate and distinct source of authority which is not displaced by federal statutes and rules. *In re DeVille,* 280 B.R. 483, 495 (9th Cir. BAP 2002); *In re Marvel*, 265 B.R. 605, 611 (N.D.Cal. 2001)[Hamilton, D.J.]; *In re Rimsat, Ltd.,* 212 F.3d 1039, 1049 (7th Cir. 2000). However, the court would have preferred this motion to have been brought pursuant to Rule 9011, if only to give Den Beste the opportunity (granted, not demonstrated in his other cases) to exercise some

2

wisdom and drop this action before the court was forced to expend its overstretched resources dealing with it.

Taking all of these factors into consideration, the court concludes that Den Beste should compensate defendants for most of their attorneys' fees because of his bad faith conduct, but that the amount of compensation should be less than the full amount the court would have awarded if defendants had made their motion under Rule 9011 after giving Den Beste the benefit of its safe harbor provisions. The court will accordingly award defendants $15,000.00 in attorneys' fees pursuant to its inherent power to sanction for bad faith conduct.

Counsel for defendants shall submit an appropriate form of order.

Dated: August 27, 2012

Alan Jaroslovsky
U.S. Bankruptcy Judge

3